JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YORDANY RODRIGUEZ MARMOL,<br><br>          Petitioner,<br><br>     v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>          Respondent. | Case No. 5:25-cv-2236-DSF-RAO<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |

On August 25, 2025, Petitioner Yordany Rodriguez Marmol ("Petitioner")—a then-immigrant detainee being held at Adelanto Immigration Processing Center and proceeding *pro se*—filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1 ("Pet."). The Petition seeks Petitioner's immediate release on the grounds that his detention violates the Fourth Amendment, Section 241 of the Immigration and Nationality Act, and the Fifth Amendment. Pet. at 6. In addition to his immediate release, the Petition asks that Respondent be enjoined from further unlawfully detaining Petitioner. *Id.*

On October 7, 2025, Respondent filed its Answer. Dkt. No. 8 ("Answer"). The Answer asks the Court to deny the Petition on the grounds that it fails to allege a specific factual basis for habeas relief, Petitioner's detention by Immigration and

Customs Enforcement ("ICE") pending removal is authorized by statute, and the Petition names the improper party as respondent. Answer at 2.

After independently conducting a public records check of ICE's online detainee locator and finding no information about Petitioner, the Court directed Respondent to file a status report regarding Petitioner's current custody status. Dkt. No. 9. On November 6, 2025, Respondent filed a status report ("Status Report") along with a supplemental declaration of Deportation Officer L. Palacios, and an exhibit. Dkt. Nos. 10, 10-1 ("Palacios Decl."), 10-2. The Status Report states that Petitioner was removed to Mexico on October 28, 2025, and attaches a copy of ICE Form I-205 Warrant of Removal/Deportation, showing that Petitioner was removed from the United States on that date. Palacios Decl. ¶ 4; *see also* Dkt. No. 10-2. For the following reasons, the Court dismisses the Petition as moot.

A federal court's jurisdiction is limited to actual cases or live controversies. *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). This constitutional limitation to cases or controversies necessarily requires that parties to the litigation have a personal stake in the outcome at all stages of judicial proceedings. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013). Because federal courts are prohibited from adjudicating matters that do not affect the rights of present litigants, a suit is rendered moot when there exists no live issue for the court to grant relief upon. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (highlighting that Article III of the U.S. Constitution forbids the issuance of advisory opinions where no live case or controversy exists). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).

In bringing this action, Petitioner sought release from immigration detention. Petitioner was removed to Mexico on October 28, 2025. Dkt. No. 10. Because there

is no further relief that this Court can provide—the matter no longer involves a "live controversy." *Id*.

For the foregoing reasons, the Petition is dismissed without prejudice as moot.

DATED: November 14, 2025

*/s/ Dale S. Fischer*
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE